1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA
10
11    JAMES PHILIP DOUGLAS,                        Case No.  C09-5214BHS-KLS

12                     Plaintiff,                  ORDER TO SHOW CAUSE

13            v.

14    PIERCE COUNTY, *et al*,

15                     Defendants.

16
17
18          This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §

19    636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

20    72.  The case is before the Court upon its review of a civil rights complaint filed by plaintiff pursuant to

21    28 U.S.C. § 1983. (Dkt. #1-2).  After reviewing the complaint and the balance of the record, the Court

22    finds and orders as follows:

23          A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745

24    F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a

25    complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before

26    service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)

27    (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

28          Before the Court "may dismiss a *pro se* complaint for failure to state a claim," it "must provide the"

*pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); see also, 809 F.2d 1446, 1449 (9th Cir. 1987) (court erred by not notifying *pro se* prisoner litigant of amended complaint's deficiencies and allowing him leave to amend).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

In his complaint, plaintiff makes a number of general claims concerning alleged violations of his constitutional rights he asserts occurred during proceedings surrounding his first criminal trial, which he further asserts were caused by various state and private parties. In addition, plaintiff, who apparently is currently in the process of being criminally re-tried, claims he will not receive a fair trial in Pierce County Superior Court. Consequently, plaintiff requests relief in the form of moving his criminal re-trial either to another state superior court or to federal court. He also requests that his divorce proceedings be vacated until he can be present therefor. Finally, plaintiff seeks assignment of private counsel in his state criminal matter from outside Pierce County, a federal investigation into the conduct of his prior legal counsel and, again apparently, an arrest of his prior judgment and conviction.

As will be explained, however, plaintiff's complaint suffers from several fatal deficiencies. First, none of the parties plaintiff actually has named as defendants in his complaint appear to be liable under 28 U.S.C. § 1983 for any alleged violation of his civil rights. For example, he names both Pierce County and its executive, John Ladenburg, as defendants in this matter. But plaintiff has failed set forth specific facts

showing how either named defendant caused or personally participated in causing the harm alleged. With respect to defendant Ladenburg, furthermore, it appears plaintiff has asserted claims against him only on the basis of supervisory responsibility or position.

In addition, while a local government entity, such as Pierce County, can be held liable under section 1983, to do so plaintiff must show: (a) he was deprived of a constitutional right; (b) the local government agency has a policy; (c) the policy amounts to deliberate indifference to his constitutional rights; and (d) the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992). In addition, such an entity may be held liable under the above standards, if the plaintiff identifies a municipal "custom," as opposed to an actual "policy," caused the alleged injury. Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 403 (1997).

For purposes of liability under section 1983, an official policy is "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the entity's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." Brown v. Bryan County, 219 F.3d 450, 457 (5th Cir. 2000) (citation omited). On the other hand, as noted above, local entity liability may be found if there is "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adapted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." Id.; Mariani v. City of Pittsburgh, 624 F.Supp. 506, 509 (W.D. Pa. 1986) (term "custom" denotes practice which is so widespread, well settled and permanent, that it rises to level of law).

Also as noted above, plaintiff must present evidence that the local entity's "action was taken with 'deliberate indifference' as to its known or obvious consequences." Brown (citing Board of County Commissioners, 520 U.S. at 407) ("A showing of simple or even heightened negligence will not suffice."); Board of County Commissioners, 520 U.S. at 410 ("'[D]eliberate indifference' is a stringent standard of fault."). Further, plaintiff must "demonstrate that, through its *deliberate* conduct," the entity "was the 'moving force' behind the injury alleged." Board of County Commissioners, 520 U.S. at 404 (emphasis in original). In other words, plaintiff must show the entity's action "was taken with the requisite degree of culpability," as well as "demonstrate a direct causal link" between that action and "the deprivation of federal rights." Id.

To support his or her claim, plaintiff thus "must develop facts which demonstrate an 'affirmative

link' between the misconduct" alleged and "some policy, express or implied, which has been adopted or authorized" by the local entity. Mariani, 624 F.Supp. at 509; Wellington v. Daniels, 717 F.2d 932, 935-36 (4th Cir. 1983) (municipality's acts or omissions actionable only if they constitute "tacit authorization" of or "deliberate indifference" to constitutional injuries). Plaintiff, however, has not made the required showing needed to establish entity liability on the part of Pierce County here. In particular, he has not set forth any specific facts demonstrating a policy or custom of Pierce County, or any of its agencies, was the moving force behind a violation of his constitutional rights.

Plaintiff also names as defendants in his complaint the Pierce County Department of Assigned Counsel ("DAC"), and his former legal counsel, Robert Quillian, whom plaintiff claims is a "member" thereof. Any claims against these defendants, though, similarly are deficient in that plaintiff has failed to set forth any specific facts showing either defendant caused or participated in causing the harm alleged. Given that the DAC appears to be an agency of Pierce County, furthermore, any claims against it are also deficient again on the basis that plaintiff has failed to establish local entity liability under the above legal standards. As for defendant Quillan, it appears he was assigned to be plaintiff's criminal defense counsel by the DAC, and thus is not himself a state actor or official, but rather a private party.

In general, private parties do not act under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). A plaintiff may bring a claim against a private party under 42 U.S.C. § 1983, however, "who 'is a willful participant in joint action with the State or its agents.'" Degrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.'").

A "bare allegation of such joint action," however, will not suffice here. Id.; see also Radcliffe v. Tainbow Construction Co., 254 F.3d 772, 783-84. Thus, specific facts showing defendants "acted 'under color of state law or authority'" must be alleged. Degrassi, 207 F.3d at 647 (citation omitted); United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (to prove conspiracy between state and private parties under section 1983, plaintiff must show agreement or "meeting of the minds" to violate constitutional rights). In other words, to be liable "each [defendant] must at least share the common objective of the conspiracy." Steelworkers, 865 F.2d at 1541.

The "required nexus" between the State and the challenged action may be present if the party

"has exercised powers that are 'traditionally the exclusive prerogative of the State.'" <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1005 (1982) (quoting <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 353 (1974)). However, "[m]ere approval of or acquiescence" in the action being challenged is insufficient "to justify holding the State responsible" for that action. <u>Id.</u> at 1004-05. In general, therefore, the State may be held responsible for the action of a private party only when exercising "coercive power" or providing "such significant encouragement," that the action "must in law be deemed to be that of the State." <u>Id.</u> at 1004. Thus, for example, the fact that a private party is "subject to state regulation" or that the State has "authorized and approved" a particular practice, does not alone convert that party's action or practice into that of the State. <u>Jackson</u>, 419 U.S. at 350, 354.

The federal courts, furthermore, have found no state action in those cases where the decisions of the private parties ultimately turned on judgments that were made "according to professional standards" not established by the State. <u>Blum</u>, 457 at 1008 (concerning medical decisions); <u>see also</u> <u>Mathis v. Pacific Gas and Electric Company</u>, 891 F.2d 1429, 1432 (9th Cir. 1989) (requisite nexus to government absent where decision is based on independent professional judgments not subject to state direction); <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing lawyer's traditional functions as counsel to criminal defendant). Here, there is no evidence that defendant Quillan performed functions other than those traditionally engaged in by public defenders or other legal counsel to criminal defendants.

Also named as defendants in the complaint are the Washington State Bar Association ("WSBA") and it's member, John P. Jensen, who also appears to have provided legal counsel to plaintiff with respect to his criminal proceedings. However, to the extent that the WSBA can be considered a state entity (<u>see</u> http://www.wsba.org/info/about/default.htm (describing the organization as being "an administrative arm of the Washington State Supreme Court") – it is immune from section 1983 liability under the Eleventh Amendment. Under the Eleventh Amendment, a state is not subject to suit by its own citizens in federal court. <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974). A state agency, as an arm of the state (and by extension an arm of that agency) is immune from suit in federal court under the Eleventh Amendment as well. <u>Howlett v. Rose</u>, 496 U.S. 356, 365 (1990); <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity also is not a "person" within the meaning of

42 U.S.C. § 1983.[1] <u>Howlett</u>, 496 U.S. at 365.

As with the other named defendants, plaintiff also has not set forth specific facts showing how the WSBA allegedly caused or participated in causing the harm alleged. Similarly, plaintiff has not shown defendant Jensen to be a state actor, given that he does not appear to be an employee of the WSBA, and that mere membership therein – since it is a requirement for all attorneys seeking to practice in the State of Washington. In addition, no specific facts have been presented to show defendant Jensen engaged in a conspiracy with a state actor to deprive plaintiff of his constitutional rights or otherwise acted outside the traditional role of providing legal counsel to him as a criminal defendant. Plaintiff, therefore, has failed to establish liability as to any named defendant in this case.

The Court further notes that in terms of requested relief, plaintiff primarily has sought the Court's intervention into state court criminal and civil proceedings. A federal district court does have the authority to issue all writs, including writs of *mandamus*, which are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a). A district court lacks jurisdiction, however, "to issue a writ of mandamus to a state court." <u>Demos v. United States District Court</u>, 925 F.2d 1160, 1161 (9th Cir. 1991). Thus, because plaintiff is attempting to obtain a writ in this Court to compel the Washington state courts to act or decline to act on his criminal and civil matters, his complaint is "frivolous as a matter of law." <u>Id.</u> at 1161-62.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than May 30, 2009**. The amended complaint must carry the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing <u>Hal Roach Studios, Inc. v.</u>

---

[1] Section 1983 reads in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 30th day of April, 2009.

Karen L. Strombom
United States Magistrate Judge