UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES PHILIP DOUGLAS,<br><br>              Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY, *et al*,<br><br>              Defendants. | Case No. C09-5214BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 30, 2009 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rules MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983. He is proceeding *in forma pauperis* in this matter. This matter is before the Court due to plaintiff's failure to properly respond to the undersigned's order to show cause (Dkt. #5), by filing an amended complaint curing the deficiencies in his original complaint or by showing cause why this matter should not be dismissed. For the reasons set forth below, the undersigned recommends the Court dismiss plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e).

## DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before

REPORT AND RECOMMENDATION
Page - 1

service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

Before the Court "may dismiss a *pro se* complaint for failure to state a claim," it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); see also, 809 F.2d 1446, 1449 (9th Cir. 1987) (court erred by not notifying *pro se* prisoner litigant of amended complaint's deficiencies and allowing him leave to amend).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

In his complaint, plaintiff makes a number of general claims concerning alleged violations of his constitutional rights he asserts occurred during proceedings surrounding his first criminal trial, which he further asserts were caused by various state and private parties. In addition, plaintiff, who apparently is currently in the process of being criminally re-tried, claims he will not receive a fair trial in Pierce County Superior Court. Consequently, plaintiff requests relief in the form of moving his criminal re-trial either to another state superior court or to federal court. He also requests that his divorce proceedings be vacated until he can be present therefor. Finally, plaintiff seeks assignment of private counsel in his state criminal matter from outside Pierce County, a federal investigation into the conduct of his prior legal counsel and, again apparently, an arrest of his prior judgment and conviction.

In an order to show cause, dated April 30, 2009, the undersigned informed plaintiff his complaint suffered from several fatal deficiencies. (Dkt. #5). First, none of the parties plaintiff named as defendants appeared to be liable under 28 U.S.C. § 1983 for any alleged violation of his civil rights. For example, petitioner had named both Pierce County and its executive, John Ladenburg, as defendants, but failed to set forth specific facts showing how either defendant caused or personally participated in causing the harm alleged. In regard to defendant Ladenburg, furthermore, it appeared plaintiff had asserted claims against him only on the basis of supervisory responsibility or position.

In addition, the undersigned noted that while a local government entity, such as Pierce County, could be held liable under section 1983, to do so plaintiff was required show: (a) he was deprived of a constitutional right; (b) the local government agency had a policy or custom; (c) the policy or custom amounted to deliberate indifference to his constitutional rights; and (d) the policy or custom was the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 403 (1997). Plaintiff, however, had failed to set forth any specific facts demonstrating a policy or custom of Pierce County, or any of its agencies, was the moving force behind a violation of his constitutional rights.

Plaintiff also had named as defendants in his complaint, both the Pierce County Department of Assigned Counsel ("DAC"), and his former legal counsel, Robert Quillian, whom plaintiff claims was a "member" thereof. The undersigned, though, found any claims against these defendants to be similarly deficient in that plaintiff failed to set forth any specific facts showing either defendant had caused or participated in causing the harm alleged. Given that the DAC appeared to be an agency of Pierce County, furthermore, any claims against it were also found to be deficient, again on the basis that plaintiff had not established local entity liability under the above legal standards. As for defendant Quillan, it appeared he was assigned to be plaintiff's criminal defense counsel by the DAC, and thus was not himself a state actor or official, but rather a private party.

While, as noted in the order to show cause, a civil rights claim under 42 U.S.C. § 1983 could be brought against a private party who was a "willful participant in joint action with the State or its agents," no evidence was presented by plaintiff showing defendant Quillan performed functions other than those traditionally engaged in by public defenders or other legal counsel to criminal defendants. Degrassi v.

REPORT AND RECOMMENDATION
Page - 3

1  City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980))
2  ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of
3  law for purposes of § 1983 actions.'"); Mathis v. Pacific Gas and Electric Company, 891 F.2d 1429, 1432
4  (9th Cir. 1989) (requisite nexus to government action absent where private party's decision is based on
5  independent professional judgments not subject to state direction); Polk County v. Dodson, 454 U.S. 312,
6  325 (1981) (public defender does not act under color of state law when performing traditional functions of
7  lawyer as counsel to criminal defendant).

8  Also named as defendants in the complaint were the Washington State Bar Association ("WSBA")
9  and it's member, John P. Jensen, who also apparently provided legal counsel to plaintiff with respect to
10 his criminal proceedings. However, to the extent that the WSBA could be considered a state entity (see
11 http://www.wsba.org/info/about/default.htm (describing the organization as being "an administrative arm
12 of the Washington State Supreme Court") – the undersigned noted it was immune from section 1983
13 liability under the Eleventh Amendment. See Howlett v. Rose, 496 U.S. 356, 365 (1990) (state agency, as
14 arm of state, is immune from suit under Eleventh Amendment); Edelman v. Jordan, 415 U.S. 651, 662-63
15 (1974) (state not subject to suit by its own citizens in federal court).

16 As with the other named defendants, plaintiff also had not set forth specific facts showing how the
17 WSBA allegedly caused or participated in causing the harm alleged. Similarly, plaintiff had not shown
18 defendant Jensen to be a state actor, given that he did not appear to be an employee of the WSBA, and
19 that mere membership in that organization – since membership therein is a requirement for all attorneys
20 who practice in the State of Washington – does not necessarily make one a state actor for purposes of
21 section 1983 liability. In addition, no specific facts had been presented to show defendant Jensen
22 engaged in a conspiracy with a state actor to deprive plaintiff of his constitutional rights or otherwise
23 acted outside the traditional role of providing legal counsel to him as a criminal defendant. Plaintiff,
24 therefore, was found to have failed to establish liability as to any named defendant in this case.

25 The undersigned further noted that in terms of requested relief, plaintiff primarily was seeking the
26 Court's intervention into state court criminal and civil proceedings. As the undersigned went on to note,
27 however, while a federal court does have the authority to issue all writs, including writs of *mandamus*,
28 which are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

principals of law," it lacked jurisdiction "to issue a writ of mandamus to a state court." Demos v. United States District Court, 925 F.2d 1160, 1161 (9th Cir. 1991); 28 U.S.C. § 1651(a). Thus, because plaintiff was attempting to obtain a writ in this Court to compel Washington State courts to act or decline to act on his pending criminal and civil matters, his complaint was "frivolous as a matter of law." Demos, 925 F.2d at 1161-62.

Plaintiff responded to the undersigned's order to show cause not by filing an amended complaint, but by filing a 14-page written response, along with an additional 62 pages of attached exhibits. See (Dkt. #13 and #13-2). Neither that response nor the attached exhibits, though, cure the deficiencies in plaintiff's original complaint, or provide any basis for not dismissing that complaint with prejudice as frivolous. In his response, for example, plaintiff claims Pierce County is responsible for overseeing the actions of the Pierce County Detention Center. (Dkt. #13, p. 3). However, supervisory responsibility is not, as discussed above, a proper basis for establishing local government liability here. Plaintiff also claims the DAC did not appoint an investigator for him in his criminal case, despite a court order to do so, or assign him an attorney for his divorce hearing, but these alleged failures alone do not establish the existence of a policy or custom amounting to deliberate indifference. Similarly deficient is the claim that the Pierce County Superior Court had a policy of providing only inadequate investigative services, as the only reference to any "policy" here is to the court's actions in plaintiff's own case.[1]

Likewise, any ineffective assistance of counsel plaintiff alleges that defendants Quillan and Jensen provided him is insufficient to support a section 1983 claim, as he still has failed to establish that either of these named defendants acted under color of state law. Nor has plaintiff established the WSBA is a state actor, or if he has, that it is not immune from liability as an agency or entity thereof. Plaintiff again argues defendant Ladenburg was in a position of authority and responsibility with respect to the Pierce

---

[1] The undersigned notes as well that plaintiff has not named the Pierce County Superior Court as a party to this matter. To the extent that his original complaint can be read as doing so, though, the superior court is immune from liability under the Eleventh Amendment, given that it is a branch of the State. In addition, any superior court judge plaintiff may be attempting to implicate here by virtue of naming the Pierce County Superior Court also is not subject to suit, as judicial officers are immune from liability for damages under 42 U.S.C. § 1983 for acts taken within their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547, 554-55. A judge will be subjected to liability only when he or she acts in the "clear absence of all jurisdiction" or when he performs an act that is not judicial in nature. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). Plaintiff, though, does not show any superior court judge involved in his state criminal or civil cases acted outside his or her judicial role or jurisdiction.

REPORT AND RECOMMENDATION
Page - 5

County Superior Court, but failed to provide adequate training thereto or supervision thereof. However, even if it can be said the superior court fell under defendant Landenburg's area of supervisory authority, once more as discussed above, such authority cannot establish section 1983 liability. The same is true with respect to any alleged failure to train or supervise county prosecutors. Lastly, plaintiff still seeks relief largely in the form of a writ of *mandamus* from this Court, which the Court cannot provide.

## CONCLUSION

Because plaintiff has failed to properly respond to the undersigned's order directing him to file an amended complaint to cure the deficiencies in his original complaint or show cause why this case should not be dismissed, the undersigned recommends the Court dismiss that complaint with prejudice prior to service as frivolous pursuant to 28 U.S.C. §1915(e).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **October 30, 2099**, as noted in the caption.

DATED this 6th day of October, 2009.

Karen L. Strombom
United States Magistrate Judge